# EXHIBIT A

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, STATE OF FLORIDA

**NICHOLE PULCINI**, an individual,

        Plaintiff,

vs.

**FRESHPOINT SOUTH FLORIDA,
INC.**, a Florida Corporation, and
**NIMESH PATEL**, an individual,

        Defendants.

_____/

CASE NO: 2016-029677-CA-01

*PL 489*

*11-25-16*

CIVIL ACTION SUMMONS

*9:30 am*

THE STATE OF FLORIDA:

To Each Sheriff Of The State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant:

      SERVE:          **NIMSEH PATEL**

      BY SERVING:    **NIMESH PATEL**
                            **2000 NW 105 LANE**
                            **CORAL SPRINGS, FL 33071**

      Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, whose address is:

              ANDREW OBEIDY, ESQUIRE
              115 NE 3RD AVE., STE. 708
              FT. LAUDERDALE, FL 33301
              (305) 892-5454

within 20 days after service of this Summons on the above-named Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Court, located at:

Additional Court                    Miami-Dade County Courthouse
locations are listed                 Clerk of the Courts
in the local phone                   73 West Flagler Street, Suite 137
directory                            Miami, Florida 33130

you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**WITNESS my hand and the Seal of said Court**

NOV 2 2 2016

DATED ON_____2016.

HARVEY RUVIN
Clerk of Court
                                    TWYLA THOMPSON
By_____
As Deputy Clerk
COURT SEAL

IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada arriba como "Plaintiff/Plaintiff's Attorney." (Demandante or Abogado del Demandante).


IMPORTANT

Des poursuites Judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pur deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom de parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, fair parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, STATE OF FLORIDA**

NICHOLE PULCINI, an individual,                    CASE NO: 2016-029677-CA-01

      Plaintiff,

    vs.                                                             CIVIL ACTION SUMMONS

FRESHPOINT SOUTH FLORIDA,
INC., a Florida Corporation, and
NIMESH PATEL, an individual,

       Defendants.

_____/

THE STATE OF FLORIDA:

To Each Sheriff Of The State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in this action on Defendant:

SERVE:        FRESHPOINT SOUTH FLORIDA, INC.

BY SERVING:    **CORPORATION SERVICE COMPANY**
                   **FRESHPOINT SOUTH FLORIDA, INC.**
                   **1201 HAYS STREET**
                   **TALLAHASSEE, FL 32301-2525**

    Each Defendant is required to serve written defenses to the Complaint on Plaintiff's
Attorney, whose address is:

        ANDREW OBEIDY, ESQUIRE
        115 NE 3RD AVE., STE. 708
        FT. LAUDERDALE, FL 33301
        (305) 892-5454

within 20 days after service of this Summons on the above-named Defendant, exclusive of the
day of service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a Default
will be entered against that Defendant for the relief demanded in the Complaint.

Received by _____ NOV 28 2016
Kole Kady #225 2nd Judicial Circuit
Certified Process Server
Server Initials _____ NOV 28 2016   10:55a
Served Date: _____   Time:

IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Court, located at:

| Additional Court | Miami-Dade County Courthouse |
| locations are listed | Clerk of the Courts |
| in the local phone | 73 West Flagler Street, Suite 137 |
| directory | Miami, Florida 33130 |

you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**WITNESS my hand and the Seal of said Court**

DATED ON_____NOV 2 2 2016_____2016.

HARVEY RUVIN
Clerk of Court

By_____
As Deputy Clerk
COURT SEAL

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada arriba como "Plaintiff/Plaintiff's Attorney." (Demandante or Abogado del Demandante).

## IMPORTANT

Des poursuites Judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pur deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom de parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, fair parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 48970714 E-Filed 11/21/2016 10:35:58 AM

**A. ANDREW OBEIDY, ESQ. (FBN 910341)**
**OBEIDY & ASSOCIATES, P. A.**
115 Northeast 3rd Avenue, Suite 708
Fort Lauderdale, Florida 33301
Telephone:    (305) 892-5454
Telephone:    (954) 530-6953
Facsimile:    (954) 206-6955
Andrew@obdlegal.com

**Attorney for Plaintiff Nichole Pulcini**

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, STATE OF FLORIDA**

| | |
|---|---|
| **NICHOLE PULCINI**, an individual, | **CASE NO.** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1.  Sexual Harassment |
| **FRESHPOINT SOUTH FLORIDA, INC.**, a Florida Corporation, and **NIMESH PATEL**, an individual, | 2.  Gender Discrimination |
| | 3.  Retaliation |
| | 4.  Violation of Florida's Private Sector Whistleblower Act |
| Defendants. | 5.  Negligent Retention |
| | 6.  Violation of the Fair Labor Standards Act |
| | 7.  Tortious Interference with at-will Employment as against Defendant Patel |

**PRELIMINARY ALLEGATIONS**

**(Parties)**

1.  Plaintiff Nichole Pulcini (hereinafter referred to as "Plaintiff") is an individual residing in the county of Palm Beach, state of Florida.

2.  Plaintiff alleges Defendant FreshPoint South Florida, Inc. (hereinafter referred to as "Defendant FreshPoint"), is, and at all times material hereto was, a Florida corporation, authorized to do business and doing business in, the state of Florida, with its offices

located in the county of Miami-Dade, state of Florida.

3.   Plaintiff alleges Defendant Nimesh Patel (hereinafter referred to as "Defendant Patel") is, and all times material hereto was, an individual residing in the county of Broward, state of Florida.

**(Vicarious Liability)**

4.   Plaintiff alleges that Defendant Patel was acting, at least in part, within the course, scope and authority of his employment with Defendant FreshPoint.

5.   Whenever Plaintiff alleges that Defendant Patel was acting within the course, scope and authority of his employment with Defendant FreshPoint, Plaintiff will make the specific allegation in the body of the named cause of action.

6.   Whenever any member of the corporation is alleged to have done or omitted to do anything, said allegation shall be deemed to mean and include an allegation that the entire corporation did or omitted to do said acts through its owner, agent, servants, employees and representatives, including but not limited to, its owners, officers, directors, and managing agents, and that said owners, officers, directors, and managing agents authorized and approved said acts and omissions and ratified the same.

**(Venue)**

7.   The acts and transactions herein alleged took place in the county of Miami-Dade, state of Florida.

**(Jurisdiction)**

8.   This is an action for damages in excess of the sum of fifteen thousand dollars ($15,000.00) exclusive of interest, costs and/or attorneys' fees.

## FIRST CAUSE OF ACTION
### Sexual Harassment – Violation of Fla. Stat. §760.10(1)(a)
### As Against Defendant FreshPoint

9.    Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 8 above, as though fully set forth at length herein.

10.   At all times material hereto, all provisions of the Florida Civil Rights Act (hereinafter referred to as the "FCRA") were in full force and effect and were binding on Defendant FreshPoint.

11.   At all times material hereto, Plaintiff was an Employee of Defendant FreshPoint and Defendant FreshPoint was an Employer as defined by Fla. Stat. §760.02(7).

12.   During Plaintiff's employment with Defendant FreshPoint, through the conduct of its agents, servants, and/or employees, Defendant FreshPoint harassed Plaintiff on the basis of her gender (female) and subjected Plaintiff to a hostile environment, which lead to adverse employment actions against Plaintiff because of her gender (female).

13.   Submission to the conduct alleged below was made an implicit part of Plaintiff's employment with Defendant FreshPoint.  Defendant FreshPoint's sexual harassment included, but was not limited to, Defendant Patel:

   a.    Creating a hostile work environment for Plaintiff based on her gender;

   b.    Texting Plaintiff in the evenings, however, Defendant Patel never contacted similarly situated employees in the evenings;

   c.    Texting Plaintiff throughout the weekend, however, Defendant Patel never contacted similarly situated employees throughout the weekend;

   d.    Texting Plaintiff and then sending Plaintiff an immediate follow up message, however, Defendant Patel never pressured similarly situated employees to respond to his text messages;

e.   Sending Plaintiff suggestive text messages that Defendant Patel maintained a personal relationship with superiors of Defendant FreshPoint, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

f.   Sending Plaintiff suggestive text messages that she would soon be hanging out with them, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

g.   Sending Plaintiff suggestive text messages that her failure to respond to Defendant Patel's text messages meant she would not be returning to Defendant FreshPoint, however, Defendant Patel never threatened similarly situated employees for failing to respond to his text messages;

h.   Sending Plaintiff suggestive text messages indicating he liked her, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

i.   Sending Plaintiff suggestive text messages indicating he needed someone who could handle things and him, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

j.   Sending Plaintiff suggestive text messages indicating she should make it as comfortable as possible and to be open, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

k.   Sending Plaintiff suggestive text messages in the evenings, on multiple occasions, that he would be in her area, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

l.   Sending Plaintiff suggestive text messages indicating he was driving and thinking about her, however, Defendant Patel did not send suggestive text messages to similarly situated employees;

m.   Sending Plaintiff links to a home Defendant Patel purchased, however, Defendant Patel never sent similarly situated employees links to a home he purchased;

n.   Directing Plaintiff to not pay attention to comments or concerns of certain executive officers, however, Defendant Patel never isolated similarly situated employees from executive officers;

o.   Sending Plaintiff intimidating text messages indicating Defendant FreshPoint would support Defendant Patel regardless of his behavior because of his achievements and/or his immunity to management, however, Defendant Patel never sent intimidating text messages to similarly situated employees;

p.  Chastising Plaintiff for not attending non-work related events, however, Defendant Patel never chastised similarly situated employees for not attending non-work related events;

q.  Sending Plaintiff intimidating text messages indicating he was disappointed with Plaintiff for not attending non-work related events, however, Defendant Patel never threatened similarly situated employees for not attending non-work related events;

r.  Sending Plaintiff intimidating text messages indicating he waited for Plaintiff at a non-work related event and called her on both her office phone and cell phone, however, Defendant Patel never threatened similarly situated employees for not attending non-work related events;

s.  Cyber stalking Plaintiff's LinkedIn account and interrogating her on same, however, Defendant Patel never cyber stalked similarly situated employees' social media accounts;

t.  Sending Plaintiff suggestive text messages referring to her attributes as "Toughness, care n smartness in one package," however, Defendant Patel never sent suggestive text messages to similarly situated employees;

u.  Sending Plaintiff information about a prospective car purchase, however, Defendant Patel never sent similarly situated employees information about his personal purchases;

v.  Chastising Plaintiff for not answering calls placed to her work phone to which the missed call list was devoid of such a call, however, Defendant Patel never chastised similarly situated employees for not answering calls never placed;

w.  Sending Plaintiff text messages suggesting they eat something separate and apart from the group in reference to a work barbeque event, however, Defendant Patel never sent similarly situated employees text messages regarding the barbeque work event or even suggest what they eat;

x.  Sending Plaintiff pictures of a Kid Rock concert attended, however, Defendant Patel never sent pictures of concerts he attended to similarly situated employees;

y.  Sending Plaintiff pictures of a sports event he attended with another supervisor of Defendant FreshPoint, however, Defendant Patel never sent pictures of sports events he attended to similarly situated employees;

z.  Interrogating Plaintiff about her boyfriend, however, Defendant Patel never interrogated similarly situated employees about their significant others;

aa.   Cyber stalking Plaintiff's Facebook account and showing others her photos, however, Defendant Patel never cyber stalked similarly situated employees' social media accounts;

bb.   Failing to properly train Plaintiff by teaching Plaintiff from across the room, however, Defendant Patel provided similarly situated employees with more extensive training;

cc.   Failing to properly train Plaintiff by teaching Plaintiff between people walking in and out of his office, however, Defendant Patel provided similarly situated employees with more extensive training; and

dd.   Unlawfully terminating Plaintiff's employment.

8.   On May 6, 2016, Plaintiff filed timely charges of sexual harassment with the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"), Charge No. 510-2016-03407, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. In her charge, Plaintiff set forth examples of Defendant FreshPoint's unlawful harassing conduct. On September 9, 2016, the EEOC issued Plaintiff her Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

14.   As a direct and proximate result of Defendant FreshPoint's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, compensatory damages, lost wages and other employee benefits, all to her detriment, in an amount to be shown according to proof.

15.   As a further proximate result of Defendant FreshPoint's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general

damages, all to her detriment, in an amount to be shown according to proof.

16. Defendant FreshPoint committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights.  Plaintiff, pursuant to Fla. Stat. §760.11(5), is entitled to recover punitive damages from Defendant FreshPoint in the amount of one hundred thousand dollars ($100,000.00) without first seeking leave of court.

17. Plaintiff, pursuant to Fla. Stat. §760.11(5), is also entitled to recover reasonable attorneys' fees and costs of said suit in an amount to be shown according to proof.

18. Plaintiff demands judgment against Defendant FreshPoint, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

### SECOND CAUSE OF ACTION
#### Gender Discrimination – Violation of Fla. Stat. §760.10(1)(a)
#### As Against Defendant FreshPoint

19. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 8 above, as though fully set forth at length herein.

20. At all times material hereto, all provisions of the Florida Civil Rights Act ("FCRA") were in full force and effect and were binding on Defendant FreshPoint.

21. At all times material hereto, Plaintiff was an Employee of Defendant FreshPoint and Defendant FreshPoint was an Employer as defined by Fla. Stat. §760.02(7).

22. During Plaintiff's employment with Defendant FreshPoint, through the conduct of its agents, servants, and/ or employees, Defendant FreshPoint discriminated against Plaintiff on the basis of her gender (female) and subjected Plaintiff to adverse employment action on the basis of her gender (female).

23. Submission to the conduct alleged below was made implicit part of Plaintiff's employment with Defendant FreshPoint. The gender discrimination suffered by the Plaintiff as a result of Defendant FreshPoint's conduct included, but was not limited to, Defendant Patel:

a.   Creating a hostile work environment for Plaintiff based on her gender;

b.   Texting Plaintiff in the evenings, however, Defendant Patel never contacted similarly situated employees in the evenings;

c.   Texting Plaintiff throughout the weekend, however, Defendant Patel never contacted similarly situated employees throughout the weekend;

d.   Texting Plaintiff and then sending Plaintiff an immediate follow up message, however, Defendant Patel never pressured similarly situated employees to respond to his text messages;

e.   Sending Plaintiff suggestive text messages that Defendant Patel maintained a personal relationship with superiors of Defendant FreshPoint, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

f.   Sending Plaintiff suggestive text messages that she would soon be hanging out with them, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

g.   Sending Plaintiff suggestive text messages that her failure to respond to Defendant Patel's text messages meant she would not be returning to Defendant FreshPoint, however, Defendant Patel never threatened similarly situated employees for failing to respond to his text messages;

h.   Sending Plaintiff suggestive text messages indicating he liked her, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

i.   Sending Plaintiff suggestive text messages indicating he needed someone who could handle things and him, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

j.   Sending Plaintiff suggestive text messages indicating she should make it as comfortable as possible and to be open, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

k.     Sending Plaintiff suggestive text messages in the evenings, on multiple occasions, that he would be in her area, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

l.     Sending Plaintiff suggestive text messages indicating he was driving and thinking about her, however, Defendant Patel did not send suggestive text messages to similarly situated employees;

m.    Sending Plaintiff links to a home Defendant Patel purchased, however, Defendant Patel never sent similarly situated employees links to a home he purchased;

n.     Directing Plaintiff to not pay attention to comments or concerns of certain executive officers, however, Defendant Patel never isolated similarly situated employees from executive officers;

o.     Sending Plaintiff intimidating text messages indicating Defendant FreshPoint would support Defendant Patel regardless of his behavior because of his achievements and/or his immunity to management, however, Defendant Patel never sent intimidating text messages to similarly situated employees;

p.     Chastising Plaintiff for not attending non-work related events, however, Defendant Patel never chastised similarly situated employees for not attending non-work related events;

q.     Sending Plaintiff intimidating text messages indicating he was disappointed with Plaintiff for not attending non-work related events, however, Defendant Patel never threatened similarly situated employees for not attending non-work related events;

r.     Sending Plaintiff intimidating text messages indicating he waited for Plaintiff at a non-work related event and called her on both her office phone and cell phone, however, Defendant Patel never threatened similarly situated employees for not attending non-work related events;

s.     Cyber stalking Plaintiff's LinkedIn account and interrogating her on same, however, Defendant Patel never cyber stalked similarly situated employees' social media accounts;

t.     Sending Plaintiff suggestive text messages referring to her attributes as "Toughness, care n smartness in one package," however, Defendant Patel never sent suggestive text messages to similarly situated employees;

u.     Sending Plaintiff information about a prospective car purchase, however, Defendant Patel never sent similarly situated employees information about his personal purchases;

v.　Chastising Plaintiff for not answering calls placed to her work phone to which the missed call list was devoid of such a call, however, Defendant Patel never chastised similarly situated employees for not answering calls never placed;

w.　Sending Plaintiff text messages suggesting they eat something separate and apart from the group in reference to a work barbeque event, however, Defendant Patel never sent similarly situated employees text messages regarding the barbeque work event or even suggest what they eat;

x.　Sending Plaintiff pictures of a Kid Rock concert attended, however, Defendant Patel never sent pictures of concerts he attended to similarly situated employees;

y.　Sending Plaintiff pictures of a sports event he attended with another supervisor of Defendant FreshPoint, however, Defendant Patel never sent pictures of sports events he attended to similarly situated employees;

z.　Interrogating Plaintiff about her boyfriend, however, Defendant Patel never interrogated similarly situated employees about their significant others;

aa.　Cyber stalking Plaintiff's Facebook account and showing others her photos, however, Defendant Patel never cyber stalked similarly situated employees' social media accounts;

bb.　Failing to properly train Plaintiff by teaching Plaintiff from across the room, however, Defendant Patel provided similarly situated employees with more extensive training;

cc.　Failing to properly train Plaintiff by teaching Plaintiff between people walking in and out of his office, however, Defendant Patel provided similarly situated employees with more extensive training; and

dd.　Unlawfully terminating Plaintiff's employment.

24.　On May 6, 2016, Plaintiff filed timely charges of gender discrimination with EEOC, Charge No. 510-2016-03407. In her charge, Plaintiff set forth examples of Defendant FreshPoint's unlawful discriminatory conduct. On September 9, 2016, the EEOC issued Plaintiff her Notice of Right to Sue.

25.　As a direct and proximate result of Defendant FreshPoint's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment,

earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, compensatory damages, lost wages and other employee benefits, all to her detriment, in an amount to be shown according to proof.

26. As a further proximate result of Defendant FreshPoint's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to her detriment, in an amount to be shown according to proof.

27. Defendant FreshPoint committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights. Plaintiff, pursuant to Fla. Stat. §760.11(5), is entitled to recover punitive damages from Defendant FreshPoint in the amount of one hundred thousand dollars ($100,000.00) without first seeking leave of court.

28. Plaintiff, pursuant to Fla. Stat. §760.11(5), is also entitled to recover reasonable attorneys' fees and costs of said suit in an amount to be shown according to proof.

29. Plaintiff demands judgment against Defendant FreshPoint, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

### THIRD CAUSE OF ACTION
**Retaliation – Violation of Fla. Stat. §760.10(7)**
**As Against Defendant FreshPoint**

30. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 8 above, as though fully set forth at length herein.

31.   At all times material hereto, all provisions of the FCRA were in full force and effect and were binding on Defendant FreshPoint.

32.   At all times material hereto, Plaintiff was an Employee of Defendant FreshPoint and Defendant FreshPoint was an Employer as defined by Fla. Stat. §760.02(7).

33.   On or about November 2015 and throughout her employment with Defendant FreshPoint, Plaintiff issued numerous lawful complaints to Human Resources as well as a manager, Mr. Ricardo Morales, about the sexual harassment and gender discrimination of which she was subjected to by Defendant Patel.

34.   As a result of Plaintiff's complaints, Defendant FreshPoint, through its agents, servants, and/or employees, retaliated against Plaintiff for participating in actions protected under the FCRA, namely the above-mentioned lawful complaints.

35.   By retaliating against Plaintiff for complaining about sexual harassment and gender discrimination, Defendant FreshPoint violated Fla. Stat. §760.10(7).

36.   The retaliatory conduct taken against Plaintiff by Defendant FreshPoint included, but was not limited to, Defendant Patel:

a.   Screaming at Plaintiff for making mistakes, however, Defendant Patel never screamed at similarly situated employees for making similar or the same mistakes;

b.   Threatening to write-up Plaintiff for making mistakes, however, Defendant Patel never threatened similarly situated employees for making the similar or same mistakes;

c.   Chastising Plaintiff for leaving work after Plaintiff was released from work by Defendant Patel, however, Defendant Patel never chastised similarly situated employees for leaving work after they were released for the day;

d.   Chastising Plaintiff for not saying goodbye to Defendant Patel, however, Defendant Patel never chastised similarly situated employees for not saying goodbye to him after they were released for the day;

e.   Demanding Plaintiff not leave the office until after 04:30 PM although it was customary practice, from the onset of Plaintiff's employment with Defendant FreshPoint, for employees to leave when they completed their responsibilities, however, Defendant Patel never dictated such a demand to similarly situated employees;

f.   Berating Plaintiff for accommodating schedule requests although the dates were provided to Defendant Patel prior to Plaintiff starting employment with FreshPoint or doctors' appointments of which Plaintiff followed Defendant FreshPoint's procedure by providing doctor's notes to Human Resources and Defendant Patel, however, Defendant Patel never berated similarly situated employees for medical related requests;

g.   Demanding Plaintiff provide a doctors' note for her doctor appointments, however, Defendant Patel never demanded similarly situated employees to provide doctors' notes;

h.   Humiliating Plaintiff by interrogating her about why she was attending doctors' appointments for women-related issues, however, Defendant Patel never interrogated similarly situated employees for attending doctor's appointments;

i.   Berating Plaintiff regarding her medical issues even though Plaintiff conducted her doctors' appointments during her lunch break, however, Defendant Patel never berated similarly situated employees for medical related appointments attended to during lunch.  In addition, similarly situated employees were permitted to schedule leave without issue or criticism;

j.   Refusing to approve Plaintiff's request to take off for her birthday because Defendant Patel was taking the day off, however, Defendant Patel never prevented similarly situated employees from taking the day off when he was out for the day;

k.   Refusing to approve Plaintiff's renewed request to take off for her birthday because Mondays were too busy, however, Defendant Patel allowed similarly situated employees to take off on Mondays;

l.   Refusing to allow Plaintiff to utilize her vacation time, however, Defendant Patel allowed similarly situated employees to use their vacation time at their leisure;

m.   Issuing Plaintiff a write-up for using the wrong orange code, however, Defendant Patel never issued write-ups to similarly situated employees for the same conduct;

n.   Issuing Plaintiff a second write-up for allegedly making mistakes, however, Defendant Patel never issued write-ups to similarly situated employees for the same conduct;

o.    Indicating Plaintiff to ask questions if needed, yet each time Plaintiff requested direction from Defendant Patel, Defendant Patel rolled his eyes and dismissed Plaintiff, however, Defendant Patel provided similarly situated employees with guidance without hesitation; and

p.    Unlawfully terminating Plaintiff for several mistakes of which were completed by Defendant Patel.

37.    On May 6, 2016, Plaintiff filed timely charges of retaliation with EEOC, Charge No. 510-2016-03407.  In her charge, Plaintiff set forth examples of Defendant FreshPoint's unlawful retaliatory conduct.  On September 9, 2016, the EEOC issued Plaintiff her Notice of Right to Sue.

38.    As a direct and proximate result of Defendant FreshPoint's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, compensatory damages, lost wages and other employee benefits, all to her detriment, in an amount to be shown according to proof.

39.    As a further proximate result of Defendant FreshPoint's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to her detriment, in an amount to be shown according to proof.

40.    Defendant FreshPoint committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights.  Plaintiff, pursuant to Fla. Stat. §760.11(5), is entitled to recover punitive damages from Defendant FreshPoint in the amount of one hundred

thousand dollars ($100,000.00) without first seeking leave of court.

41. Plaintiff, pursuant to Fla. Stat. §760.11(5), is also entitled to recover reasonable attorneys' fees and costs of said suit in an amount to be shown according to proof.

42. Plaintiff demands judgment against Defendant FreshPoint, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §448.101
### As Against Defendant FreshPoint

43. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 8 above, as though fully set forth at length herein.

44. This is an action for violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §§448.102(3), which provides in pertinent part as follows:

Prohibitions – An employer may not take any retaliatory personnel action against an employee because the employee has:

   (3)   Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

45. At all times material hereto, Plaintiff was an Employee as defined by Fla. Stat. §448.101(2).

46. At all times material hereto, Defendant FreshPoint was an Employer as defined by Fla. Stat. §448.101(3).

47. At all times material hereto, Plaintiff held the title of Sales Associate. Plaintiff was qualified for the position she held and worked diligently during her employment.

48. On or about November 2015 and throughout her employment with Defendant FreshPoint, Plaintiff issued lawful complaints to Human Resources as well as a

manager, Mr. Ricardo Morales, about the sexual harassment and gender discrimination of which she was subjected to by Defendant Patel.

49. Defendant FreshPoint violated Florida's Private Sector Whistleblower Act when it retaliated against Plaintiff for issuing the above-mentioned lawful complaints objecting to the sexual harassment and gender harassment perpetuated against her by her supervisor, Defendant Patel.

50. The retaliatory conduct taken against Plaintiff by Defendant FreshPoint, included, but was not limited to, Defendant Patel:

  a.   Screaming at Plaintiff for making mistakes, however, Defendant Patel never screamed at similarly situated employees for making similar or the same mistakes;

  b.   Threatening to write-up Plaintiff for making mistakes, however, Defendant Patel never threatened similarly situated employees for making the similar or same mistakes;

  c.   Chastising Plaintiff for leaving work after Plaintiff was released from work by Defendant Patel, however, Defendant Patel never chastised similarly situated employees for leaving work after they were released for the day;

  d.   Chastising Plaintiff for not saying goodbye to Defendant Patel, however, Defendant Patel never chastised similarly situated employees for not saying goodbye to him after they were released for the day;

  e.   Demanding Plaintiff not leave the office until after 04:30 PM although it was custom practice, from the onset of Plaintiff's employment with FreshPoint, for employees to leave when they completed their responsibilities, however, Defendant Patel never dictated such a demand to similarly situated employees;

  f.   Berating Plaintiff for accommodating schedule requests although the dates were provided to Defendant Patel prior to Plaintiff starting employment with FreshPoint or doctors' appointments of which Plaintiff followed FreshPoint's procedure by providing doctor's notes to Human Resources and Defendant Patel, however, Defendant Patel never berated similarly situated employees for medical related requests;

  g.   Demanding Plaintiff provide a doctors' note for her doctor appointments, however, Defendant Patel never demanded similarly situated employees to provide doctors' notes;

h.   Humiliating Plaintiff by interrogating her about why she was attending doctors' appointments for women-related issues, however, Defendant Patel never interrogated similarly situated employees for attending doctors' appointments;

i.   Berating Plaintiff regarding her medical issues even though Plaintiff conducted her doctors' appointments during her lunch break, however, Defendant Patel never berated similarly situated employees for medical related appointments attended to during lunch. In addition, similarly situated employees were permitted to schedule leave without issue or criticism;

j.   Refusing to approve Plaintiff's request to take off for her birthday because Defendant Patel was taking the day off, however, Defendant Patel never prevented similarly situated employees from taking the day off when he was out for the day;

k.   Refusing to approve Plaintiff's renewed request to take off for her birthday because Mondays were too busy, however, Defendant Patel allowed similarly situated employees to take off on Mondays;

l.   Refusing to allow Plaintiff to utilize her vacation time, however, Defendant Patel allowed similarly situated employees to use their vacation time at their leisure;

m.   Issuing Plaintiff a write-up for using the wrong orange code, however, Defendant Patel never issued write-ups to similarly situated employees for the same conduct;

n.   Issuing Plaintiff a second write-up for allegedly making mistakes, however, Defendant Patel never issued write-ups to similarly situated employees for the same conduct;

o.   Indicating Plaintiff to ask questions if needed, yet each time Plaintiff requested direction from Defendant Patel, Defendant Patel rolled his eyes and dismissed Plaintiff, however, Defendant Patel provided similarly situated employees with guidance without hesitation; and

p.   Unlawfully terminating Plaintiff for several mistakes of which were completed by Defendant Patel.

51.   Defendant FreshPoint's actions as described above in Paragraph 50 violated Fla. Stat. §448.102 and constituted a prohibitive employment practice.

52.   As a direct and proximate result of Defendant FreshPoint's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment,

earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, compensatory damages, lost wages and other employee benefits, all to her detriment, in an amount to be shown according to proof.

53. As a further proximate result of Defendant FreshPoint's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to her detriment, in an amount to be shown according to proof.

54. Moreover, as a result of Defendant FreshPoint's acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Fla. Stat. §448.104.

55. Plaintiff demands judgment against Defendant FreshPoint, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### Negligent Retention as against Defendant FreshPoint

56. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 8 above, as though fully set forth at length herein.

57. Throughout the duration of Plaintiff's employment with Defendant FreshPoint, Defendant FreshPoint knew, or in the exercise of reasonable diligence should have known, that Defendant Patel, an employee of Defendant FreshPoint, regularly displayed inappropriate conduct, and posed an undue risk to persons such as Plaintiff, a female, as Plaintiff made numerous complaints to Defendant FreshPoint.

58.  Despite this advance knowledge, Defendant FreshPoint retained Defendant Patel, as an employee of Defendant FreshPoint in conscious disregard of the rights and safety of others, including Plaintiff.

59.  As a direct and proximate result of Defendant FreshPoint's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, compensatory damages, lost wages and other employee benefits, all to her detriment, in an amount to be shown according to proof.

60.  As a further proximate result of Defendant FreshPoint's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to her detriment, in an amount to be shown according to proof.

61.  Plaintiff demands judgment against Defendant FreshPoint, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

### SIXTH CAUSE OF ACTION
**Violation of The Fair Labor Standards Act**
**As against Defendant FreshPoint**

62.  Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 8 above, as though fully set forth at length herein.

63.  The United States Code states to wit, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce ... not less than – $5.85 an hour...." See 29 U.S.C. § 206(a)(1).

64. Moreover, the United States Code states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed…." See 29 U.S.C. § 207(a)(1).

65. Defendant FreshPoint's business activities involve those to which the Fair Labor Standards Act applies.  Defendant FreshPoint is a restaurant supply company and, through its business activity, affects interstate commerce.  Similarly, Plaintiff's work for the Defendant FreshPoint affected interstate commerce; Plaintiff was employed by Defendant FreshPoint as an inside sales representative.

66. Plaintiff was employed an inside sales representative with Defendant FreshPoint from September 2015 to March 2016.  Plaintiff's duties as an inside sales representative did not qualify her for an exemption from overtime pay.  Said duties consisted of customer service support, process purchase orders, coordinate pick and deliveries, perform administrative duties and assist superiors as requested.  Said duties were assigned by various managers and afforded Plaintiff little independent discretion and judgment in the performance of those duties.

67. Throughout her employment with Defendant FreshPoint as an inside sales representative, and with the knowledge of Defendant FreshPoint, Plaintiff worked several hours without pay.  The vast majority of said hours was documented by records of phone calls and text messages between Plaintiff and Defendant Patel.

68. Under the Fair Labor Standard Act, Plaintiff should have received straight compensation in excess of twenty-two thousand five hundred dollars ($22,500.00) for the hours performed within the applicable statute of limitations.

69. Defendant FreshPoint willfully and intentionally refused to pay Plaintiff minimum wage as required by the laws of the United States as set forth above and remains owing Plaintiff these wages.

70. In addition, throughout her employment with Defendant FreshPoint as an inside sales representative, and with the knowledge of Defendant FreshPoint, Plaintiff worked substantial amounts of overtime. The vast majority of said hours was documented by records of phone calls and text messages between Plaintiff and Defendant Patel.

71. Despite the fact that Plaintiff was at all times during her employment with Defendant FreshPoint employed as an inside sales representative and was a non-exempt employee eligible for overtime compensation under the provisions of the Fair Labor Standard Act, Defendant FreshPoint did not pay Plaintiff overtime compensation in accordance with the requirements of the Fair Labor Standard Act.

72. Under the Fair Labor Standard Act, Plaintiff should have received overtime compensation in excess of three thousand six hundred fifty dollars and forty cents ($3,650.40) for the overtime work performed within the applicable statute of limitations.

73. Despite numerous requests for payment of all overtime hours worked, Defendant FreshPoint has refused to pay Plaintiff the amount of overtime compensation owed to Plaintiff.

74.   Defendant FreshPoint's conduct described in this Complaint violates the provisions of Fair Labor Standard Act, thus entitling Plaintiff to recover his unpaid wages, unpaid overtime compensation, plus interest thereon.

75.   Plaintiff has retained OBEIDY & ASSOCIATES, P.A. to represent her in this action and has agreed to pay the firm a reasonable attorneys' fee.  Plaintiff, pursuant to 29 U.S.C. §216(b), is entitled to recover reasonable attorneys' fees and costs of said suit in an amount to be shown according to proof.

76.   Plaintiff demands judgment against Defendant FreshPoint, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

### SEVENTH CAUSE OF ACTION
**Tortious Interference with At-will Employment**
**As Against Defendant Patel**

77.   Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 8 above, as though fully set forth at length herein.

78.   Plaintiff alleges that at all times relevant to this cause of action, Defendant Patel was not acting within the course and scope of his employment, but rather was acting with ulterior purposes and without an honest belief that his actions would benefit his employer, Defendant FreshPoint.

79.   Defendant Patel tortiously interfered with Plaintiff's at-will employment by:

a.   Creating a hostile work environment for Plaintiff based on her gender;

b.   Texting Plaintiff in the evenings, however, Defendant Patel never contacted similarly situated employees in the evenings;

c.   Texting Plaintiff throughout the weekend, however, Defendant Patel never contacted similarly situated employees throughout the weekend;

d.    Texting Plaintiff and then sending Plaintiff an immediate follow up message, however, Defendant Patel never pressured similarly situated employees to respond to his text messages;

e.    Sending Plaintiff suggestive text messages that Defendant Patel maintained a personal relationship with superiors of Defendant FreshPoint, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

f.    Sending Plaintiff suggestive text messages that she would soon be hanging out with them, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

g.    Sending Plaintiff suggestive text messages that her failure to respond to Defendant Patel's text messages meant she would not be returning to Defendant FreshPoint, however, Defendant Patel never threatened similarly situated employees for failing to respond to his text messages;

h.    Sending Plaintiff suggestive text messages indicating he liked her, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

i.    Sending Plaintiff suggestive text messages indicating he needed someone who could handle things and him, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

j.    Sending Plaintiff suggestive text messages indicating she should make it as comfortable as possible and to be open, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

k.    Sending Plaintiff suggestive text messages in the evenings, on multiple occasions, that he would be in her area, however, Defendant Patel never sent suggestive text messages to similarly situated employees;

l.    Sending Plaintiff suggestive text messages indicating he was driving and thinking about her, however, Defendant Patel did not send suggestive text messages to similarly situated employees;

m.    Sending Plaintiff links to a home Defendant Patel purchased, however, Defendant Patel never sent similarly situated employees links to a home he purchased;

n.    Directing Plaintiff to not pay attention to comments or concerns of certain executive officers, however, Defendant Patel never isolated similarly situated employees from executive officers;

o.    Sending Plaintiff intimidating text messages indicating Defendant FreshPoint would support Defendant Patel regardless of his behavior because of his achievements and/or his immunity to management, however, Defendant Patel never sent intimidating text messages to similarly situated employees;

p.    Chastising Plaintiff for not attending non-work related events, however, Defendant Patel never chastised similarly situated employees for not attending non-work related events;

q.    Sending Plaintiff intimidating text messages indicating he was disappointed with Plaintiff for not attending non-work related events, however, Defendant Patel never threatened similarly situated employees for not attending non-work related events;

r.    Sending Plaintiff intimidating text messages indicating he waited for Plaintiff at a non-work related event and called her on both her office phone and cell phone, however, Defendant Patel never threatened similarly situated employees for not attending non-work related events;

s.    Cyber stalking Plaintiff's LinkedIn account and interrogating her on same, however, Defendant Patel never cyber stalked similarly situated employees' social media accounts;

t.    Sending Plaintiff suggestive text messages referring to her attributes as "Toughness, care n smartness in one package," however, Defendant Patel never sent suggestive text messages to similarly situated employees;

u.    Sending Plaintiff information about a prospective car purchase, however, Defendant Patel never sent similarly situated employees information about his personal purchases;

v.    Chastising Plaintiff for not answering calls placed to her work phone to which the missed call list was devoid of such a call, however, Defendant Patel never chastised similarly situated employees for not answering calls never placed;

w.    Sending Plaintiff text messages suggesting they eat something separate and apart from the group in reference to a work barbeque event, however, Defendant Patel never sent similarly situated employees text messages regarding the barbeque work event or even suggest what they eat;

x.    Sending Plaintiff pictures of a Kid Rock concert attended, however, Defendant Patel never sent pictures of concerts he attended to similarly situated employees;

y.    Sending Plaintiff pictures of a sports event he attended with another supervisor of Defendant FreshPoint, however, Defendant Patel never sent pictures of sports events he attended to similarly situated employees;

z.      Interrogating Plaintiff about her boyfriend, however, Defendant Patel never interrogated similarly situated employees about their significant others;

aa.     Cyber stalking Plaintiff's Facebook account and showing others her photos, however, Defendant Patel never cyber stalked similarly situated employees' social media accounts;

bb.     Failing to properly train Plaintiff by teaching Plaintiff from across the room, however, Defendant Patel provided similarly situated employees with more extensive training;

cc.     Failing to properly train Plaintiff by teaching Plaintiff between people walking in and out of his office, however, Defendant Patel provided similarly situated employees with more extensive training; and

dd.     Unlawfully terminating Plaintiff's employment.

80.     As a direct and proximate result of Defendant Patel's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, compensatory damages, lost wages and other employee benefits, all to her detriment, in an amount to be shown according to proof.

81.     As a further proximate result of Defendant Patel's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to her detriment, in an amount to be shown according to proof.

82.     Plaintiff demands judgment against Defendant Patel, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## PRAYER FOR RELIEF AS AGAINST DEFENDANT FRESHPOINT

**WHEREFORE**, Plaintiff prays judgment against Defendant FreshPoint, as follows:

1.  For economic damages, including but not limited to, back pay and lost wages, in an amount to be shown according to proof, for the first through fifth causes of action;

2.  For general damages and non-economic damages, mental and emotional distress damages, damages for anguish, and other general damages, in an amount to be shown according to proof, for the first through fifth causes of action;

3.  That the Court enter judgment for Plaintiff and against Defendant FreshPoint on the basis of Defendant FreshPoint's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other federal regulations, for the sixth cause of action;

4.  That the Court award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest, for the sixth cause of action;

5.  That the Court award Plaintiff an equal amount in double damages/liquidated damages, for the sixth cause of action;

6.  For Punitive damages in the amount of one hundred thousand dollars ($100,000.00), for the first through third causes of action.

7.  For reasonable attorneys' fees in an amount to be shown according to proof, for the first through fourth and sixth causes of action.

8.  For an award of interest, including prejudgment interest, at the legal rate;

9.  For costs and fees of suit herein incurred; and

10. For such other and further relief as this Court deems proper.

## PRAYER FOR RELIEF AS AGAINST DEFENDANT PATEL

**WHEREFORE**, Plaintiff prays judgment against Defendant Patel as follows:

1.     For economic damages, including but not limited to, back pay and lost wages, in an amount to be shown according to proof, for the seventh cause of action;

2.     For general damages and non-economic damages, mental and emotional distress damages, damages for anguish, and other special and general damages, in an amount to be shown according to proof, for the seventh cause of action;

3.     For an award of interest, including prejudgment interest, at the legal rate;

4.     For costs and fees of suit herein incurred; and

5.     For such other and further relief as this Court deems proper.

Dated this 21st day of November, 2016.

Respectfully submitted,

**OBEIDY & ASSOCIATES, P.A.**

*/s/ A. Andrew OBeidy*
A. ANDREW OBEIDY, ESQ. (FBN 0910341)
Attorney for Plaintiff Nichole Pulcini

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974;<br>See Privacy Act<br>Statement before completing this form. | Charge Presented to:<br>☐ FEPA<br>☑ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

**Florida Commission on Human Relations** ~~Received~~ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)*<br>MS. NICHOLE PULCINI | Home Phone No. (Include Area Code)<br>(954) 214-0904 | MAY 06 2016 | Date of Birth<br>1979 |
|---|---|---|---|

| STREET ADDRESS<br>250 CONGRESS PARK DR. | CITY, STATE AND ZIP CODE<br>DELRAY BEACH, FL 33445  Miami District Office | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local Government Agency who Discriminated Against Me or Others *(If more than two, list under PARTICULARS below.)*

| NAME<br>FRESHPOINT SOUTH FLORIDA, INC. (SYSCO CORPORATION) | No. Employees, Members<br>500 or more | PHONE No (Include Area Code)<br>(305) 248-4202 |
|---|---|---|

| STREET ADDRESS<br>2300 NW 19TH AVE. | CITY STATE AND ZIP CODE<br>POMPANO BEACH, FL 33069 | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es)):*<br>☐ Race ☐ Color ☑ Sex ☐ Religion ☐ National Origin ☑ Retaliation ☐ Age ☐ Disability ☑ Other | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST       LATEST<br>09-2015       03-2016<br>☑ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a Female. I was employed with FreshPoint South Florida, Inc. in the Sales Department from September 2015 to March 2016. My immediate supervisor was Nimesh Patel (Director of Retail Sales). At the onset of my employment, Nimesh Patel subjected me to numerous advances. Such advances included Nimesh Patel texting me in the evening including weekends and holidays in addition to several invitations to after-hours events. Although I politely declined the advances, Nimesh Patel's behavior continued. Nimesh Patel's advances became so frequent and persistent, the advances developed into harassment. I reported the harassment to Ricardo Morales (Manager) who instructed me to ignore Nimesh Patel and suggested I talk about my boyfriend. Although I continued to politely decline and mentioned my boyfriend on several occasions, Nimesh Patel's behavior continued.

I reported the unwarranted harassment and discrimination to Human Resources, Alicia Valdivieso. Unfortunately, no actions were taken to resolve the matter. As a result of my complaints, FreshPoint retaliated against me. The retaliation began when Nimesh Patel reprimanded me for reporting the harassment and discrimination to Human Resources.

The retaliation escalated when Nimesh Patel: publicly humiliated me for making mistakes; daily use of verbally abusive language; interrogated me about my anxiety, the doctors I saw and the medication I was taking as a result; issued write ups for mistakes made by him, not me; issued write ups for tardiness although other employees were tardy and did not receive a write up; issued write ups for following vendor instructions although other employees followed vendor instructions and did not receive a write up; denied training; excluded me from necessary work-related emails. FreshPoint further retaliated against me by terminating my employment as a result of multiple write-ups issued to me by Nimesh Patel of which I had neither seen nor was notified prior to my termination.

I believe I was harassed and discriminated against due to my Gender (Female) and retaliated against for complaining about the unlawful harassment and discrimination I was subjected to, all of which in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>04/25/16<br>DATE     CHARGING PARTY SIGNATURE | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINTANT<br><br>SUBSCRIBED AND SWORN BEFORE ME ON THIS<br>April 25 2016, 2016. (MM/DAY/YR) |



AMANDA DAAIS
Notary Public - State of Florida
My Comm. Expires Apr 20, 2017
Commission # EE 883270

**EXHIBIT "A"**

REDACTED

STATE OF _Florida_

).SS.

COUNTY OF _PalmBeach_

I, _Amanda Daas_ a notary public in and for said County, in the State aforesaid, do hereby certify that _Nichole Pulcini_ personally known to me to be the same person _____ whose name _____ subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that _She_____ signed, sealed and delivered the said instruments as _____ free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this _25_ day of _April_, 20 _16_

_Amanda Daas_

Notary Public

Commission expires _April 25, 2016_

EEOC Form 161 (11/09)

RECEIVED

SEP 1 3 2016

BY:

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Nichole Pulcini
250 Congress Park Dr.
Delray Beach, FL 33445

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2016-03407 | MAXIMILIAN FEIGE, Investigator | (305) 808-1821 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

SEP 0 9 2016

Enclosures(s)

MICHAEL J. FARRELL,
District Director

(Date Mailed)

cc:    **Respondent Representative**
Alicia Valdivieso, HR Manager
FreshPoint South Florida
2300 Nw 19th Ave.
Pompano Beach, FL 33069

**Charging Party Representative**
Andrew Obeidy
OBD LEGAL
200 EAST BROWARD BOULEVARD, SUITE 1150
Fort Lauderdale, FL 33301

EXHIBIT "B"